UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

**Civil Action No. 13-52-HRW**

**M.G. BECKMAN,**                                                                       **PLAINTIFF,**

**v.**                 **MEMORANDUM OPINION AND ORDER**

**ARAMARK, LLC,**                                                         **DEFENDANT.**

This matter is before the Court upon Defendant's Motion for Summary Judgment [Docket No. 70]. The motion has been fully briefed [Docket Nos. 70-1, 72 and 76] and for the reasons set forth herein, the Court finds that Defendant Aramark, LLC is entitled to judgment as a matter of law.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Michael Beckman is a Caucasian male who was hired by Defendant Aramark, LLC on September 17, 2010 as supervisor at its Provision on Demand convenience store located on the campus of Morehead State University. His employment was terminated in February of 2012.

At the time of the events giving rise to the termination of his employment, Plaintiff's direct supervisor was Amanda Adkins. Ms. Adkins, in turn, reported to Eric Evans, a Senior Food Service Director for Aramark, who oversaw Morehead University's account with Aramark.

Plaintiff's employment was at-will. At the beginning of his employment, he received an employee handbook which provided certain guidelines for employee behavior and an explanation of actions which were deemed unacceptable, including "working unauthorized overtime" and "insubordination," which was defined as "refusal to perform any job or work assignment given

by an employee's supervisor or by management." [Deposition of Plaintiff, Docket No. 70-2 at 69:2-9]. He testified at his deposition that he "absolutely" understood that if he refused to perform work assignments given by Ms. Adkins or Mr. Evans then that would be a violation of Aramark's conduct guidelines and would be the basis for discipline or termination. [Deposition of Plaintiff, Docket No. 70-2 at 69:10-14, 69:21-25].

Beginning in August of 2011, a series of incidents occurred involving Plaintiff which culminated in the termination of his employment. For example, in August 2011, Plaintiff admitted that he did not perform an inventory assigned to him . [Deposition of Plaintiff, Docket No. 70-2 at 101:24-102:3]. In fact, he testified that when Ms. Adkins asked him to do these tasks, instead of doing them he retorted, "Amanda, I'll do my job. If I have time to get to your job, I'll do it, but I'm going to do my job first." [Deposition of Plaintiff, Docket No. 70-2 at 100:13-19]. As a result, Plaintiff received a written warning for insubordination.

In response to unacceptable behavior, October 27 and October 31, 2011, Ms. Adkins sent emails to Mr. Beckman stating:

> "I wanted to let you know that going forward, overtime is not allowed."

> "As you know we have to watch labor a little close than we have been. A few things are standing out to me as issues that we need to resolve. Just in the first part of this schedule I am seeing problems. Please let your people know that they are not to clock in earlier than their scheduled time, unless approved . . . . The same goes for staying late."

> "Mike – As of today [October 31, 2011], you have worked 22 minutes over your schedule time as well. I cannot stress enough that we are not allowed overtime."

2

Nonetheless, Aramark's records reflect that Plaintiff went over his scheduled hours on October 27, 28 and 31, 2011, thereby causing him to incur overtime for that workweek for which he had to be compensated at an overtime rate. As a result, he received another written warning

It is undisputed that Plaintiff received several additional written warnings for other incidents in which Ms. Adkins believed he exhibited unsatisfactory performance.

In spite of the previous written warnings concerning his performance, on February 10, 2012, Plaintiff left work without seeing that the POD was properly stocked. He, as the POD Supervisor, was responsible for ensuring that the store remained adequately stocked. As a result of this incident and their belief that Plaintiff exhibited a pattern of unsatisfactory job performance, Ms. Adkins and Mr. Evans made the decision to terminate his employment. Accordingly, on February 17, 2012, they met with Plaintiff and informed him that Aramark was terminating his employment.

This lawsuit followed. Plaintiff alleges that Aramark discriminated against him on the basis of his gender and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"), and the Kentucky Civil Rights Act, Ky. Rev. Stat. §§ 344 et seq. ("KCRA"). He also alleges that Aramark terminated his employment for retaliatory reasons.

Defendant seeks judgment as a matter of law on all claims alleged against it.

## II. STANDARD OF REVIEW

Summary judgment is available under Fed.R.Civ.P. 56 ( c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). " [N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir.1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir.1996). The plaintiff must present more than a mere scintilla of the evidence. To support his position, he must present evidence on which the trier of fact could find for the plaintiff. *See id. (citing Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1177 (6th Cir.1996).

## III. ANALYSIS

### A. Plaintiff has not presented a *prima facie* case of reverse gender discrimination.

To establish a *prima facie* discrimination claim, a plaintiff must show: (1) that he is a member of a protected class; (2) that he applied and was qualified for a promotion; (3) that he was considered for and denied the promotion; and (4) other employees of similar qualifications

4

who were not members of the protected class received promotions. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Sutherland v. Michigan Dept. of Treasury*, 344 F.3d 603, 614 (6th Cir.2003) (citation omitted). The Sixth Circuit has adapted this four-prong test to cases of reverse discrimination, where a member of the majority is claiming discrimination. *Sutherland*, 344 F.3d at 614–15 (6th Cir.2003); *Pierce v. Commonwealth Life Ins.*, 40 F.3d 796, 801 (6th Cir.1994). In such cases, a plaintiff satisfies the first prong of the prima facie case by "demonstrat[ing] 'background circumstances [to] support the suspicion that the defendant is that unusual employer who discriminates against the majority.' " *Id.* (citations omitted). To satisfy the fourth prong in a reverse-discrimination case, the plaintiff must show that the defendant treated differently employees who were similarly situated but were not members of the protected class. *Id.*

Plaintiff does not allege facts sufficient to make the *prima facie* case. The major flaw in this case is that he cannot point to employees who were treated differently and similarly situated to him but were *not* male.

Moreover, Plaintiff's deposition testimony indicates that Mr. Evans was the only one of the two decision makers who participated in the employment decision that he accuses of discrimination.. Given that Mr. Evans like Plaintiff is male, it does not follow that reverse gender discrimination led to Mr. Beckman's employment termination. *See Hout v. City of Mansfield*, 550 F. Supp. 2d 701, 723 (N.D. Ohio 2008) (explaining where decision makers were male like plaintiff, there were insufficient "background circumstances" to satisfy necessary first element of modified prima facie for reverse discrimination case); *Owczarak v. St. Mary's Michigan*, No. 10-12835, 2011 WL 5184225, *4, 7-8 (E.D. Mich. Nov. 1, 2011) (involvement of male decision-

5

maker negates inference of reverse gender discrimination against male plaintiff).

Nor can Plaintiff identify a single comment uttered by his supervisors which would suggest gender-based animus.

Therefore, even if Plaintiff had (1) alleged the "background circumstances" required by *Sutherland* to suggest that the Aramark was the exceptional institution that discriminated against the majority and (2) successfully demonstrated that he was qualified for the position he simply does not allege facts sufficient to meet the fourth prong of the test. Therefore, his reverse race discrimination claim fails.

**B.    Plaintiff has not presented a *prima facie* case of age discrimination.**

The elements of an age discrimination claim, also derived from *McDonnell Douglas,* are as follows: (1) plaintiff is a member of a protected class (age 40-70); (2) plaintiff suffered adverse employment action; (3) plaintiff was qualified for the position; and (4) plaintiff was replaced by a younger person. *Simpson v. Midland-Ross Corp.*, 823 F.2d 937, 940 (6th Cir.1987). The *Simpson* court also noted that, in the Sixth Circuit, "[a] plaintiff may also show through circumstantial, statistical, or direct evidence that he has been discriminated against." *Id. (citing Blackwell v. Sun Electric Corp.*, 696 F.2d 1176, 1180 (6th Cir.1983)).

Plaintiff's case of age discrimination test suffers from frailties similar to the gender discrimination claim. For these reasons, it is clear that the only facts that Mr. Beckman has to try to establish his discrimination claims are that he was a male over age 40 at the time of his employment termination, that he was replaced by a younger female worker, and that he has a "gut feeling" that he was terminated because of his age. [Deposition of Plaintiff, Docket No. 70-2 at

6

11:11-16, 42: 2-5, 65: 4-7]. "It is well-settled that a plaintiff's speculations, generalities and gut feelings, however genuine, when unsupported by specific facts, do not allow for an inference of discrimination." *Jacox v. Cincinnati Public Schs.*, No. 1:06-cv-168, 2007 WL 2156650, at *6 (S.D. Ohio July 26, 2007) ( (internal citations and quotations omitted). He offers no concrete evidence of any remarks related to his gender or age, or evidence of any other differential treatment by Aramark against him based on his age.

## C.     Plaintiff has not presented a *prima facie* case of retaliatory discharge.

It is well established that it is "an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter[.]" 42 U.S.C. § 2000e–3(a) (opposition clause). The Supreme Court recently clarified that unlike other civil rights claims, " retaliation claims must be proved according to traditional principles of but-for causation." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, — U.S. —, —, 133 S.Ct. 2517, 2533 (2013). However, when no direct evidence of retaliation is presented, a plaintiff may prove the claim with circumstantial evidence under the familiar burden-shifting framework of *McDonnell Douglas*. Plaintiff bears the initial burden of establishing a *prima facie* case of retaliation by showing: (1) that [she] engaged in protected activity; (2) that the defendant decision maker knew of the exercise of that protected activity; (3) that an adverse employment action was subsequently taken against [her]; and (4) that there was a causal connection between the protected activity and the adverse employment action . *Fuhr v. Hazel Park School District*, 710 F.3d 668, 674 (6th Cir. 2013).

Plaintiff's claim fails because he has not demonstrated that he engaged in protected activity known to his supervisors. In his Complaint, Plaintiff alleges that Aramark terminated in

7

retaliation for "voic[ing] his concerns about . . . inventory practices, Standard Operating Procedures, store room limitations . . . and promotions," and for "advising Aramark that he was being asked to falsify inventory [and] work outside the Standard Operating Procedures." [Complaint, Docket No. 1 at ¶¶ 10-11, 25, 27]. This, in and of itself, is not tantamount to protected activity as he was not voicing concerns about an unlawful employment practice. *See*, 42 U.S. § 2000e-3(a) ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made unlawful by [Title VII] . . . .") and Ky. Rev. Stat. Ann. § 344.280 ("It is an unlawful practice for a person to . . . retaliate or discriminate in any manner against a person because that person has opposed a practice declared unlawful by [the KCRA] . . . ").

In an effort to bolster his claim, Plaintiff testified that in October 2011, he sent an email to Ms. Adkins stating only, "I had some complaints about how Meghan [Dehart] talks down to people and it[']s not appreciated. In fact she does it to me." [Deposition of Plaintiff, Docket No. 70-2 at 53:2-7]. However, this email does not constitute protected activity because, on its face, it clearly makes no complaint about alleged discrimination, but rather is limited to a complaint about minor personal interaction issues between co-workers.

Nor does the call Plaintiff allegedly made to the Aramark employee hotline sometime in the latter part of 2011. In his deposition, he admitted that he only got so far as providing his name and work location, and that he ended the call before providing any additional information. [Deposition of Plaintiff, Docket No. 70-2 at 57:13-14; 59:25- 60:10]. This does not constitute "protected activity" because he never actually complained about alleged discrimination during that call.

8

Assuming *arguendo* that Plaintiff was, in fact, engaged in protected activity, his claim of retaliation still fails. Most crippling to Plaintiff's case is the absolute lack of evidence of any causal connection between his "reports" and the termination of his employment. The record is devoid of any evidence, direct or circumstantial, that but for his complaints, Plaintiff's employment would not have been terminated. During his deposition, Plaintiff was asked to explain the basis for this claim. In response to the question "[a]n it's retaliation for having done what?", Plaintiff responded "[s]ucceeded." [Deposition of Plaintiff, Docket No. 70-2 at 65:15-16]. This is not a basis for retaliation under Title VII, ADEA of KCRA and, as such, Plaintiff has not presented a *prima* facie *case* in this regard.

### D. Plaintiff has not presented a *prima facie* case of race discrimination.

Although Plaintiff's Complaint suggests that he is pursuing a race discrimination claim, he made clear during his deposition that he is only pursuing gender and age discrimination claims. [Deposition of Plaintiff, Docket No. 70-2 at 61:12-13, 64:4]. Moreover, his Charge of Discrimination and intake form did not include any indication that he intended to pursue a race discrimination claim, and, therefore, he failed to exhaust his administrative remedies for such a claim. [*Id.* at 19:1-18, 32:7-17, 34:23-35:3]. Therefore, this claim, to the extent it was alleged, cannot withstand summary judgment.

### E. Plaintiff has failed to plead a claim for "failure to promote".

In his response to Defendant's dispositive motion, Plaintiff asserts that he was entitled to the position held by his supervisor, Ms. Adkins. Based upon the record before this Court, this is the first time Plaintiff has made this claim. As failure to promote" was not alleged in the Complaint, it cannot be raised at this juncture in then proceedings entry of an Order permitting an

9

amendment to the Complaint or by agreement of the parties. Neither circumstance exists here. Therefore, this claim is not properly before the Court.

Moreover, the Court is not inclined to turn back the clock, so to speak, in this litigation. Following the initial pleadings, discovery proceeded in this matter for nine months, during which Plaintiff did not seek leave of Court to amend his Complaint to include this claim. Allowing an amendment at this late date would result in significant prejudice to the Defendant. *See Moor v. City of Paducah*, 790 F.2d 557, 560 (6th Cir. 1986)(observing that allowing amendments to a complaint after the close of discovery creates significant prejudice)(citation omitted).

In addition, as Defendant points out, the claim is time-barred. Plaintiff did not include any allegations concerning promotion in his EEOC Charge and more than 300-days have passed since any alleged failure to promote. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001) (explaining plaintiff has 300 days from date adverse employment action is communicated to plaintiff to file a charge with the EEOC). Therefore, the claim is not timely.

## F. Plaintiff has failed to plead a claim for disability discrimination.

Plaintiff's response purports to allege a claim for disability discrimination. This claim was not raised in the Complaint and, for the reasons set forth above, is not properly before the Court.

## IV. CONCLUSION

Summary judgment is mandated against a party who has failed to establish an essential element of her case after adequate time for discovery. In such a situation, there is no genuine issue of material fact as the failure to prove an essential fact renders all other facts irrelevant. *Celotex v. Cartett*, 477 U.S. 317, 322-323 (1986). In order to withstand summary judgment,

Plaintiff bore the burden of presenting a prima facie case of discrimination or retaliation. Case law mandates that he bring forth more than a "mere scintilla" of evidence in her favor. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). He has not. Even armed with discovery, Plaintiff's proof falls short.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 70] be **SUSTAINED**.

This 26th day of June, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge